IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GREGORY RICHARDSON,

    Petitioner,

v.                        Civil Action No. 3:13CV249

SUPERINTENDENT OF PIEDMONT
REGIONAL JAIL,

    Respondent.

**MEMORANDUM OPINION**

Gregory Richardson, a Virginia detainee proceeding pro se, submitted this action. Richardson had amassed an extensive history of frivolous and abusive litigation. See Richardson v. Va. Dep't of Corr., No. 3:07CV514, at 1-7 (E.D. Va. Dec. 9, 2008). By Memorandum Opinion and Order entered on January 3, 2014, the Court dismissed Richardson's action for failing to comply with the terms of Richardson's pre-filing injunction. (ECF Nos. 11-12.) On January 23, 2014, the Court received from Richardson a "MOTION TO VACATE, PROTECTIVE, MOTION TO RECONSIDER, STAY, CERTIFY, RECUSAL." (ECF No. 13 (hereinafter "the Motion").) In the Motion, Richardson seeks, inter alia, the recusal of the undersigned and the reconsideration of the Memorandum Opinion and Order entered on January 3, 2014.

The Court harbors no bias against Richardson. Nor has Richardson demonstrated any circumstances where the impartiality

of the undersigned might be reasonably questioned. See 28 U.S.C. § 455.[1] Accordingly, Richardson's request for recusal will be denied.

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Richardson fails to demonstrate any basis for granting relief under Rule 59(e) or any other provision of law. Accordingly, Richardson's request for reconsideration will be denied.

---

[1] The statute provides, in relevant part

> **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> **(b)** He shall also disqualify himself in the following circumstances:
> > **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455.

Furthermore, Richardson fails to demonstrate any basis for relief based on the other allegations in the Motion. Accordingly, the Motion (ECF No. 13) will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Richardson.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 4, 2014